IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

SINAI HOSPITAL OF BALTIMORE, INC.
2401 W. Belvedere Avenue
Baltimore, Maryland 21215,

and

MUKUND DIDOLKAR, M.D.
2401 West Belvedere Avenue, 1st Floor Main
Baltimore, Maryland 21215

and

SURGICAL ONCOLOGY ASSOCIATES, INC.
2401 West Belvedere Avenue, 1st Floor Main
Baltimore, Maryland 21215

   Plaintiffs,

v.                   No.

GAIL REARDEN, M.D., in her capacity as
Attorney in Fact for RUTHIE M. REARDEN
Roper St. Francis Medical Care
2075 Eagle Landing Blvd.
North Charleston, South Carolina 29406

and

NORRIS O. REARDEN
100 Rearden Lane
Walterboro, South Carolina 29488

and

MEDICARE
United States Department of Health and Human
Services, Charles E. Johnson, Acting Secretary

Serve on:
Office of the Administrator
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244

and

DONALD R. HUSKEY, ESQUIRE
Law Offices of Donald R. Huskey, LLC
1023 North Calvert Street, 3rd Floor
Baltimore, Maryland 21202

and

GOVERNOR E. JACKSON, III, ESQUIRE
The Law Offices of Governor E. Jackson, III LLC
1023 North Calvert Street, 4th Floor
Baltimore, Maryland 21202

and

DAVID E. RALPH, ESQUIRE
Law Offices of David E. Ralph, LLC
2 Hamill Road, Suite 314 East
Baltimore, Maryland 21210

and

DWAYNE A. BROWN, ESQUIRE
Law Offices of Dwayne A Brown, PC
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202

and

A. JAI BONNER, ESQUIRE
Law Offices of A. Jai Bonner, P.C.
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202

and

PATRICK M. REGAN, EQUIRE
Regan Zambri & Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036

and

PAUL J. CORNONI, EQUIRE
Regan Zambri & Long, PLLC

1919 M Street, N.W., Suite 350
Washington, D.C. 20036

and

ANTHONY Z. ROISMAN, ESQUIRE
National Legal Scholars Law Firm
Stonewall Farm
84 East Thetford Road
Lyme, New Hampshire 03768

and

STEPHEN A. SALTZBURG, ESQUIRE
The George Washington University Law School
2000 H Street, NW
Washington, D.C. 20052

and

DAVID T. GOLDBERG, ESQUIRE
99 Hudson Street
New York, New York, 10013

and

SEAN H. DONAHUE, ESQUIRE
2000 L Street, N.W., Suite 808
Washington, D.C. 20036

Defendants

## COMPLAINT FOR INTERPLEADER

Plaintiffs Sinai Hospital of Baltimore, Inc., Mukund Didolkar, M.D., and Surgical Oncology Associates, Inc., by undersigned counsel, hereby bring an action for interpleader against the above named Defendants pursuant to Rule 2-221 of the Maryland Rules of Civil Procedure as these Defendants adversely claim entitlement to property in the possession of Plaintiffs. In support thereof, Plaintiffs state as follows:

## The Parties

1. Plaintiff Sinai Hospital of Baltimore, Inc. ("Sinai") is a corporation formed under the laws of the State of Maryland whose principal places of business is located in Baltimore City. Plaintiff Surgical Oncology Associates, Inc. ("SOA") is a corporation formed under the laws of the State of Maryland whose principal places of business is located in Baltimore County. Mukund Didolkar, M.D. is a physician licensed to practice medicine by the state of Maryland. All three Plaintiffs provide medical services to individuals in Baltimore City.

2. Defendant Gail Rearden, M.D. is an individual who currently resides in North Charleston, South Carolina. Defendant Norris O. Rearden is an individual who resides in Walterboro, South Carolina. Norris Rearden and Dr. Rearden, acting in her capacity as power of attorney for Ruthie Rearden, brought suit against the Plaintiffs in the Circuit Court for Baltimore City. At the time, Dr. Gail Rearden resided in Baltimore City.

3. Defendant Medicare is a public service agency under the auspices of the United States Department of Health and Human Services. Its primary offices are located in Baltimore County and it provides services throughout the State of Maryland.

4. Donald R. Huskey, Governor E. Jackson, David E. Ralph, Dwayne A Brown, and A. Jai Bonner are attorneys admitted to the practice of law before the Courts of Maryland. Each maintains an office for the practice of law in Baltimore City. Patrick M. R'egan and Paul J. Comoni are attorneys admitted to the practice of law before the Courts of Maryland who maintain offices in the District of Columbia. Anthony Z. Roisman is admitted to the practice of law before the District of Columbia, State of New York and State of Vermont and maintains an office for the practice of law in Lyme, New Hampshire. Stephen A. Saltzburg is admitted to the practice of law before the District of Columbia, Commonwealth of Virginia,

4

and State of California and maintains an office for the practice of law in the District of Columbia. David T. Goldberg is admitted to the practice of law before the District of Columbia and the State of New York and maintains an office for the practice of law in New York, New York. Sean H. Donahue is admitted to the practice of law before the District of Columbia and maintains an office in the District of Columbia. Anthony Z. Roisman, Stephen A. Saltzburg, David T. Goldberg and Sean H. Donahue have been admitted to practice law before the Courts of the State of Maryland *pro hac vice* pursuant to Rule 14 of the Rules Governing Admission to the Bar of Maryland. All of these attorneys have provided legal counsel to Gail and Norris Rearden in their suit against the Plaintiffs and subsequent appeal.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to MD. CODE, CTS. & JUD. PROC. § 1-501 and MARYLAND RULE OF CIVIL PROCEDURE 2-221.

6. This Court has personal jurisdiction over Defendants Donald R. Huskey, Governor E. Jackson, David E. Ralph, Dwayne A Brown, and A. Jai Bonner pursuant to MD. CODE, CTS. & JUD. PROC. § 6-102 as each resides within this state or maintains a principal place of business in this state.

7. This Court has personal jurisdiction over Medicare pursuant to MD. CODE, CTS. & JUD. PROC. § 6-103(1) as it maintains offices in the state.

8. This Court has personal jurisdiction over Defendants Patrick M. Regan, Paul J. Cornoni, Anthony Z. Roisman, Stephen A. Saltzburg, David T. Goldberg and Sean H. Donahue pursuant to MD. CODE, CTS. & JUD. PROC. § 6-103(1) & § 6-103(2) as all parties contracted to supply services in this state and did, in fact, supply services in this state. Specifically, these individuals provided legal services to Norris O. Rearden and Gail Rearden,

M.D. before the appellate courts of the State of Maryland. Additionally, these defendants are all members of the bar of the State of Maryland, either generally or for purposes of this litigation, and therefore submit to the jurisdiction of the Courts of this state.

9. Defendants Gail and Norris Rearden voluntarily availed themselves of the protections afforded by the Courts of Maryland by initiating a lawsuit in the Circuit Court of Baltimore City and maintaining an appellate action before the Court of Special Appeals and the Court of Appeals and therefore submitted to the continued jurisdiction of those Courts over the controversy.

10. The exercise of jurisdiction over the Defendants comports with the requirements of due process, fair play, and substantial justice. As set forth in *Christian Book Distributors v. Great Christian Books, Inc.*, due process "requires sufficient minimum contacts with the forum state so as not to offend traditional notions of fair play and substantial justice." *Christian Book Distributors v. Great Christian Books, Inc.*, 137 Md. App. 367, 374, 768 A.2d 719, 723 (2001) (*internal cites omitted*). This cause of action arises directly from the litigation activities of the Defendants and their contacts with the State of Maryland are such that they could reasonably anticipate being haled into a Maryland court. *Birrane v. The Master Collectors, Inc.*, 738 F. Supp. 167 (D. Md. 1990).

11. Venue is proper in this Court, pursuant to MD. CODE, CTS. & JUD. PROC. § 6-201(b), as many defendants reside in or maintain their principal place of business in Baltimore City and this is the venue in which the cause of action arose.

### Facts

12. Defendants Gail and Norris Rearden ("the Reardens") brought suit against the Plaintiffs in the Circuit Court of Baltimore City, Case No. 24-C-05-005884 alleging medical

malpractice and personal injury to Ruthie Rearden. Gail Rearden brought suit on behalf of Ruthie Rearden as her power of attorney, Norris Rearden brought suit on his own behalf for loss of consortium. Gail and Norris Rearden were represented in this suit by Defendants Donald R. Huskey, Governor E. Jackson and David E. Ralph. The parties underwent mediation on August 10, 2006 which resulted in an agreement to settle the litigation for a sum of two million dollars ($2,000,000.00), (the "Settlement Proceeds"). This agreement was finalized on August 23, 2006. The Reardens attempted to repudiate the settlement agreement and Plaintiffs herein filed a motion to enforce the agreement.

13. The Reardens fired their attorneys, Defendants Donald R. Huskey, Governor E. Jackson and David E. Ralph. On September 13, 2006, Defendants Donald R. Huskey and Governor E. Jackson served Plaintiffs with a notice of statutory lien. Exhibit 1, Notice of Statutory Lien. Defendants Donald R. Huskey and Governor E. Jackson subsequently filed a motion to enforce their lien in which they claimed they were entitled to a portion of the settlement proceeds pursuant to a contingency fee agreement. Exhibit 2, Motion to Enforce Statutory Lien.

14. On September 25, 2006, the Honorable Evelyn O. Cannon conducted a hearing on the Plaintiffs' Motion to Enforce Settlement Agreement. Defendants Gail and Norris Rearden were represented at that hearing by Defendant Dwayne Brown, Esquire.

15. During the course of that hearing, Defendant Donald Huskey and Defendant Gail Rearden presented testimony indicating that Medicare had a lien against the settlement proceeds. Exhibit 3, Excerpts from Transcript of Hearing before the Honorable Judge Cannon, dated September 25, 2006. Defendant Jackson subsequently confirmed the existence

of a Medicare lien upon any settlement proceeds. Exhibit 4, Email dated October 7, 2006 from Governor E. Jackson, Esq. to Siobhan R. Keenan, Esq.

16. At the conclusion of that hearing, Judge Cannon entered an Order granting the Motion to Enforce Settlement Agreement and directing the Plaintiffs herein to pay the Settlement Proceeds to Gail and Norris Rearden "upon [the Reardens] furnishing a customary full and final Release." Exhibit 5, Order of Judge Cannon, dated September 25, 2006.

17. Plaintiffs sent a Release for signature by the Reardens to Defendant Dwayne Brown, Esquire. Exhibit 6, Letter of October 6, 2006 from Siobhan R. Keenan, Esq. to Dwayne A. Brown, Esq. enclosing Release. To date, no Release has been signed by the Reardens or received by Plaintiffs herein.

18. On October 3, 2006, the Honorable Evelyn O. Cannon conducted a hearing on Defendants Donald R. Huskey and Governor E. Jackson's motion to enforce their lien. At the conclusion of that hearing, the motion was granted. Exhibit 7, Order of Judge Cannon, dated October 3, 2006. Former counsel for the Reardens directed the Plaintiffs to forward payment of a portion of the Settlement Proceeds directly to them before any payment was made to Defendants Gail or Norris Rearden. Exhibit 8, Letter of October 4, 2006 from David A. Ralph, Esq. to Michael J. Baxter, Esq. and James R. Chason, Esq. Defendants Huskey, Jackson, and Ralph agreed that payment to The Law Offices of Donald R. Huskey, LLC was sufficient to satisfy the interests of all three Defendants in the Settlement Proceeds. Exhibit 9, Letter of October 6, 2006 from David A. Ralph, Esq., Donald R. Huskey, Esq., and Governor E. Jackson, Esq. to Siobhan R. Keenan, Esq.

19. On October 18, 2006, Defendant A. Jai Bonner, Esquire filed a notice of appeal on behalf of Defendants Gail and Norris Rearden. Exhibit 10, Notice of Appeal. Defendant

Bonner subsequently filed a Case Appeal Information Report with the Court of Special Appeals in which she indicated that she was the attorney for the appellants, Gail and Norris Rearden. Exhibit 11, Case Appeal Information Report.

20. On January 2, 2007, Defendants Patrick M. Regan and Paul J. Cornoni of the firm Regan Zambri & Long, PLLC, entered their appearance in the Court of Special Appeals as co-counsel on behalf of Defendants Gail and Norris Rearden. Exhibit 12, Line Entering Appearance of Patrick M. Regan and Paul J. Cornoni.

21. On January 29, 2007, Defendant Patrick Regan filed a motion before the Court of Special Appeals requesting the admission of Defendants Stephen A. Saltzburg and Anthony Z. Roisman as co-counsel for Defendants Gail and Norris Rearden *pro hac vice*. Exhibit 13, Appellants' *Pro Hac Vice* Motion Pursuant to Rule 14. That motion was granted by the Court of Special Appeals. Exhibit 14, Order of Chief Judge Robert M. Bell, dated February 15, 2007.

22. On June 7, 2007, Defendant Patrick Regan filed a motion before the Court of Special Appeals requesting the admission of Defendants David T. Goldberg and Sean H. Donahue as co-counsel for Defendants Gail and Norris Rearden *pro hac vice*. Exhibit 15, Appellants' *Pro Hac Vice* Motion Pursuant to Rule 14. That motion was also granted by the Court of Special Appeals. Exhibit 16, Order of Chief Judge Robert M. Bell, dated June 28, 2007.

23. On October 20, 2008, the Court of Special Appeals, in an unreported opinion, affirmed the ruling of Judge Cannon and upheld her finding that the parties had entered into a binding settlement agreement.

24. On October 28, 2008, Defendant Huskey advised Plaintiffs that he was entitled to interest on his lien for attorney's fees. Defendant Huskey asserted that he was due $797,500 out of the Settlement Proceeds. Exhibit 17, Letter of October 28, 2008 from Donald R. Huskey, Esq., to Michael J. Baxter, Esq.

25. On December 3, 2008, Defendants Patrick M. Regan, Paul J. Cornoni, Stephen A. Saltzburg and Anthony Z. Roisman petitioned the Court of Appeals for a writ of certiorari on behalf of Defendants Gail and Norris Rearden. Their petition was denied. Exhibit 18, Order of Chief Judge Robert M. Bell, dated February 13, 2009.

26. Upon resolution of the appeals, Plaintiffs contacted Defendant Huskey as well as Defendants Norris and Gail Rearden, through their counsel Defendant Patrick Regan. Plaintiffs requested that Defendants Norris and Gail Rearden execute a Release, a pre-requisite to any payment of Settlement Proceeds pursuant to Judge Cannon's Order. Plaintiffs also requested that Defendants reach an agreement regarding the distribution of Settlement Proceeds, including in that agreement resolution of the lien held by Defendant Medicare. Exhibit 19, Letter of February 18, 2009 from Michael J. Baxter, Esq. to Patrick M. Regan, Esq. and Donald R. Huskey, Esq.

27. Defendant Donald Huskey demanded payment of $666,000 of the Settlement Proceeds directly to him as satisfaction of the attorney fee lien. He again asserted that he was entitled to the statutory rate of interest of 10% on the amount and indicated an intent to seek court action to obtain that interest from Defendants Gail and Norris Rearden. Exhibit 20, Letter of February 20, 2009 from Donald R. Huskey, Esq. and Governor E. Jackson, Esq to Michael J. Baxter, Esq.

28. Plaintiffs again requested that Defendants Gail and Norris Rearden execute a Release as required by Judge Cannon's Order of September 25, 2006. Plaintiffs further requested that all Defendants enter into an agreement as to the disposition of the Settlement Proceeds. Exhibit 21, Letter of February 23, 2009 from Michael J. Baxter, Esq. to Donald R. Huskey, Esq.

29. Defendant Donald Huskey again asserted his position that he was entitled to the full lien amount made payable directly to him. Defendant Huskey asserted that the Order establishing the attorney fee lien superseded any interest that Medicare had in the Settlement Proceeds. Defendant Huskey further asserted that payment of his lien was not subject to any requirement that Defendants Gail and Norris Rearden execute a Release. Defendant Huskey also expressed his intent to seek post-judgment interest, including filing an action in this Court. Exhibit 22, Letter of February 24, 2009 from Donald R. Huskey, Esq. to Michael J. Baxter, Esq. Defendant Jackson similarly asserted his position that he was entitled to interest at a rate of 10% per annum on the attorney fee lien. Exhibit 23, Letter of March 2, 2009 from Governor E. Jackson, Esq to Patrick Regan, Esq.

30. Defendants Norris and Gail Rearden have expressed an intent to sue Defendants Huskey, Jackson, and Ralph in an action for legal malpractice. Pending resolution of this legal malpractice action, Defendant Regan proposed placing the Settlement Proceeds into an escrow account. Defendants Huskey and Jackson have rejected this proposal. Exhibit 24, Collected Emails between Governor Jackson, Esq. and Patrick Regan, Esq., dated March 2 and 3, 2009.

31. Defendants Norris and Gail Rearden have refused to execute a customary Release, as required by Judge Cannon's Order of September 25, 2009. Plaintiffs believe that the

11

Reardens' refusal to execute the Release is, in effect, an effort to prevent the distribution of Settlement Proceeds to their former counsel.

32. On March 11, 2009, Defendants Donald Huskey and Governor Jackson filed a motion in the Circuit Court of Baltimore City seeking payment of their lien, with interest, in the matter of *Gail L. Rearden, et al v. Sinai Hospital of Baltimore, et al.*, Case No. 24-C-05-005884. Exhibit 25, Attorneys' Motion to Enforce Order Granting Statutory Lien and Payment of Post-Judgment Interest. Plaintiffs contend that this Motion has no foundation at law and is unlikely to be granted. However, Plaintiffs will incur legal fees in opposing the Motion.

## COUNT 1 - INTERPLEADER

33. Paragraphs 1-32 are incorporated by reference as if fully set forth herein.

34. Plaintiffs agreed to settled the suit against them brought by Defendants Gail and Norris Rearden for two million dollars ($2,000,000.00), the "Settlement Proceeds." Plaintiffs are presently able and prepared to disburse these funds to Defendants Gail and Norris Rearden upon receipt of a fully executed customary Release. Beyond obtaining an executed customary Release and insulating themselves from further suit, the Plaintiffs have no interest in the disposition of the Settlement Proceeds.

35. Medicare has paid medical expenses for the health care provided to Ruthie Rearden, the patient who's personal injury claims were resolved through the settlement between Plaintiffs and Defendants Gail and Norris Rearden. Pursuant to Federal law, Medicare is entitled to reimbursement of payments made on behalf of Ruthie Rearden out of the Settlement Proceeds. 42 U.S.C. § 1395y(b)(2)(B). If Medicare is not promptly reimbursed

from the Settlement Proceeds, the United States may institute an action against Plaintiffs for the monies owed to Medicare and may seek double damages. *Id.*

36. Defendants Huskey and Jackson have a lien upon the Settlement Proceeds based upon a contingency fee agreement with Defendants Gail and Norris Rearden. This lien has been recognized by this Court and Plaintiffs are on notice regarding this lien. Pursuant to this lien, Defendants Huskey and Jackson claim they are entitled to $660,000 from the Settlement Proceeds plus interest at a rate of 10% accruing from October 3, 2006, the date Judge Cannon entered an Order recognizing their lien and have filed a Motion in the underlying action seeking this relief. Plaintiffs anticipate that any disbursement of Settlement Proceeds to any party without payment to Defendants Huskey and Jackson of the full amount they claim due will result in an action being brought against Plaintiffs by Defendants Huskey and Jackson.

37. Plaintiffs believe that Defendants David E. Ralph, Dwayne A Brown, A. Jai Bonner, Patrick M. Regan, Paul J. Cornoni, Anthony Z. Roisman, Stephen A. Saltzburg, David T. Goldberg, and Sean H. Donahue, as current or former counsel for Defendants Gail and Norris Rearden, may have a claim against the Settlement Proceeds for payment of attorneys fees. As such, they are all interested parties in this action.

38. The Defendants named herein claim to be entitled to the property currently in possession of the Plaintiffs, specifically, two million dollars ($2,000,000.00) in Settlement Proceeds.

39. The claims of the various Defendants to this property are adverse to and independent of each other.

40. The Plaintiffs deny liability for payment of the Settlement Proceeds to any of the Defendants. However, the Plaintiffs admit that they will be liable for payment of the

Settlement Proceeds to Defendants Norris and Gail Rearden after they have executed a customary Release.

### Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting the following relief:

a) directing Norris Rearden and Gail Rearden to execute the Release previously provided to them or to Show Cause why they should not be held in Contempt for failure to follow Judge Cannon's Order of September 25, 2006;

b) directing Plaintiffs Sinai Hospital of Baltimore, Inc., Mukund Didolkar, M.D., and Surgical Oncology Associates, Inc. to deposit the Settlement Proceeds in the form of two million dollars ($2,000,000.00) into Court to abide the judgment of the Court;

c) discharging Plaintiffs Sinai Hospital of Baltimore, Inc., Mukund Didolkar, M.D., and Surgical Oncology Associates, Inc. from further liability with respect to the Settlement Proceeds upon deposit of the aforementioned sum with the Court;

d) enjoining all Defendants named herein from bringing or prosecuting any other action affecting the Settlement Proceeds;

e) requiring all Defendants named herein to interplead as to the property within a specified time;

f) designating one or more Defendants herein as plaintiffs and the remainder as defendants going forward;

g) finding that Plaintiffs Sinai Hospital of Baltimore, Inc., Mukund Didolkar, M.D., and Surgical Oncology Associates, Inc. brought this action in good faith and as impartial stakeholders;

h) awarding Plaintiffs Sinai Hospital of Baltimore, Inc., Mukund Didolkar, M.D., and Surgical Oncology Associates, Inc. costs and reasonable attorneys' fees for bringing this action and directing distribution of that award from the Settlement Proceeds.

Respectfully Submitted,

*/s/ Siobhan R. Keenan*

Michael J. Baxter, Esquire
Siobhan R. Keenan, Esquire
Baxter, Baker, Sidle, Conn & Jones
120 East Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800
*Attorneys for Plaintiff Sinai Hospital of Baltimore, Inc.*

*/s/ Mairi Pat Maguire /SRK*

Mairi Pat Maguire, Esq.
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, Maryland, 21202
(410) 347-9428
*Attorneys for Plaintiffs Mukund Didolkar, M.D. and Surgical Oncology Associates, Inc.*