# Exhibit 2

DR. GAIL REARDEN, et al.,  *  IN THE

    Plaintiffs,

                                     CIRCUIT COURT

v.

SINAI HOSPITAL OF                            BALTIMORE CITY
BALTIMORE, INC., et al.

    Defendants.  *  Case No. 24-C-05-005884

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO ENFORCE STATUTORY LIEN

The Law Offices of Donald R. Huskey, LLC and The Law Offices of Governor E. Jackson, III, LLC ("Enforcing Counsel"), move pursuant to Maryland Rule 2-652(c) to enforce their statutory attorney's lien against Plaintiffs, Dr. Rearden and Norris Rearden ("Plaintiffs") on any settlement, judgment or award in the above captioned matter. The substantive grounds for the motion are as follows:

1. On January 24, 2005 and February 1, 2005, Plaintiffs respectively entered into a written contingency fee agreement with Enforcing Counsel in the instant litigation. *See* Copy of Retainer Agreements incorporated herein and attached hereto as composite **Exhibit 1**; Affidavit of Donald R. Huskey incorporated herein and attached hereto as **Exhibit 2**.

2. For approximately 20 months Enforcing Counsel zealously represented Plaintiffs in the instant action, filing and responding to 19 motions, conducting and defending some 21 depositions and producing and analyzing approximately 10,000 documents. *See* **Exhibit 2**.

3. In this litigation, which can only fairly be characterized as a complex medical malpractice action, Plaintiffs sought damages for Defendants' alleged failure to

remove a cancerous polyp and timely treatment of post-operative bleeding. Each side designated 13 expert witnesses in support of their respective legal positions. *See* **Exhibit 2.**

4. On August 10, 2006, following the Scheduling Order deadlines for discovery and dispositive motions, the parties attended Court ordered mediation conducted by the Honorable Howard Chasnow. *Id.* Plaintiffs were accompanied by Enforcing Counsel. During that meeting the parties agreed to settle the case for $2 million. *Id.*

5. Days following the settlement, Plaintiffs sought to repudiate the settlement. As a result, Defendants filed a motion to enforce settlement. *Id.*

6. On September 7, 2006, Plaintiffs removed Enforcing Counsel as their attorneys and retained new counsel. *Id.*

7. On September 13, 2006, pursuant to Rule 2-652(b), Enforcing Counsel served notice of their statutory lien and informed Plaintiffs, Plaintiffs' new counsel and Defendants' counsel to hold any money payable to Plaintiffs relating to any settlement, judgment or award in this matter until such time as the lien has been satisfied. *Id., see also,* Notice of Statutory Lien incorporated herein and attached hereto as **Exhibit 3.**

8. Should this Court grant Defendants' motion and determine that the parties in fact entered into a binding settlement agreement, Enforcing Counsel are entitled to 33% of the gross proceeds of that settlement which was procured by them ($660,000.) pursuant to the contingency fee agreements entered into by Plaintiffs and Enforcing Counsel. Alternatively, should this Court determine that there was no settlement reached by the parties, then Enforcing Counsel are entitled, per the contingency fee agreement, to

the lesser of the appropriate contingency fee or hourly rate for services rendered in connection with the instant litigation. *See* **Exhibit 1.**

9. Accordingly, this Court should order Defendants to make payment from the proceeds of any settlement, judgment or award in the above captioned matter to the Enforcing Counsel to satisfy their lien before any disbursements of those proceeds are made to Plaintiffs.

WHEREFORE, The Law Offices of Donald Huskey, LLC and The Law Offices of Governor E. Jackson, III, LLC, respectfully request that this Honorable Court grant the motion to enforce their statutory lien against Plaintiffs, and order that such payment be made to Enforcing Counsel before any funds are disbursed to Plaintiffs for any settlement, judgment or award in the above captioned matter.

Respectfully submitted,

David E. Ralph
Law Offices of David E. Ralph LLC
The Quadrangle Building
2 Hamill Road
Suite 314 East
Baltimore, Maryland 21210
(410) 433-5900
*for Enforcing Counsel*

3

E1336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___14th___ day of September 2006, a copy of the foregoing was mailed first-class, postage prepaid to: Dr. Gail Rearden and Norris Rearden, 625 McCollough Circle, Baltimore, Maryland 21201; Dwayne A. Brown, Esquire, 10 North Calvert Street, Baltimore, Maryland 21202; James R. Chason, Esquire, Whiteford, Taylor & Preston, LLP, 210 West Pennsylvania Ave, Baltimore, Maryland 21204; Michael J. Baxter, Esquire, Baxter, Baker, Sidle, Conn & Jones, P.A., 120 E. Baltimore Street, Suite 2100, Baltimore, Maryland 21201.

David E. Ralph

## Engagement and Retainer Agreement (Contingent Fee)

This agreement is made for the purpose of the retention of Law Offices of Donald R. Huskey and Law Offices of Governor E. Jackson, LLC, to represent my mother in a claim for possible medical malpractice damages and other claims arising out of my treatment rendered by Mukund S. Didolkar, M.D., Surgical Oncology Associates, and Sinai Hospital in February 2004.

I agree to the following pursuant to my general power of attorney for Ruthie M. Rearden:

1. This shall be an engagement fee in this case of $2,000.00 which shall be payable on the signing of this agreement. In addition for the retention of the services of these attorneys, I agree to a contingent fee. In return for legal services provided, Huskey and Jackson will receive as legal fee an amount equal to thirty-three (33%) percent of all gross amounts recovered by compromise or settlement prior to trial, thirty-eight (38%) percent of the gross amount recovered if the matter goes to trial, and an amount equal to forty-five (45%) percent of all gross amounts recovered from the claim in the second trial or an appeal to the Court of Special Appeals or Court of Appeals of Maryland.

2. I will pay all medical expenses of any nature.

3. In addition to the legal fee, I will pay all expenses incurred in the handling of this case including, but not limited to: filing fees, court costs, deposition transcripts, witness fees, including expert witness fees, and investigation expenses. I understand that I am responsible for all such expenses, whether or not the case is successful. I also understand that I may be required to pay these expenses in advance at certain stages in the case.

4. I acknowledge that there have been no promises or guarantees regarding the outcome of this claim.

5. If I choose to dismiss the lawyers in this matter, I understand that they are entitled to reasonable compensation for the services that they have rendered. I agree that the computation of reasonable compensation shall be based upon the lesser of either the appropriate percentage, as discussed in paragraph 1, of any recovery; or upon the number of hours Huskey has spent at $300 per hour and Jackson at $125 per hour. This fee payment shall have priority over any substitute counsel and the attorneys will cooperate as necessary to facilitate and transition to substitute counsel. Huskey and Jackson have agreed to divide the fees collected in this case at 2/3 and 1/3 respectively.


EXHIBIT 1 1979

E1339

6. I agree that my attorneys may associate with additional counsel to assist in this representation and paragraph five shall be applicable to all services rendered by the attorneys.

7. I agree not to settle compromise or dismiss this case without prior written notice to my attorneys.

Witness my hand this 24th day of January 2005.

*Gail L Rearden, M.D.*
Gail Rearden, M.D.
POA for Ruthie M. Rearden

APPROVED AND ACCEPTED

*Donald R. Huskey*
Donald R. Huskey

*Governor E. Jackson*
Governor E. Jackson

This agreement by and between the above parties waives any additional retainer fee for the anticipated litigation to be brought by Norris O. Rearden.

*Gail L Rearden, MD*
*January 24, 2005*

*Donald R. Ly, M.D*
*Jan 24, 2005*

*[signature]*
*24, 2005*

1980

E1340

## Retainer Agreement (Contingent Fee)

This agreement is made for the purpose of the retention of the Law Offices of Donald R. Huskey to represent me for loss of consortium and any other applicable damages arising out of the care and treatment of my wife, Ruthie M. Rearden, in a claim for possible medical malpractice damages arising out of her treatment rendered by Mukund S. Didolkar, M.D., Surgical Oncology Associates, and Sinai Hospital in February 2004.

I agree to the following:

1. I agree to a contingent fee. In return for legal services provided, Huskey will receive as legal fee an amount equal to thirty-three (33%) percent of all gross amounts recovered by compromise or settlement prior to trial, thirty-eight (38%) percent of the gross amount recovered if the matter goes to trial, and an amount equal to forty-five (45%) percent of all gross amounts recovered from the claim in the second trial or an appeal to the Court of Special Appeals or Court of Appeals of Maryland.

2. I acknowledge that there have been no promises or guarantees regarding the outcome of this claim.

3. If I choose to dismiss the lawyer in this matter, I understand that he is entitled to reasonable compensation for the services that he has rendered. I agree that the computation of reasonable compensation shall be based upon the lesser of either the appropriate percentage, as discussed in paragraph 1, of any recovery; or upon the number of hours Huskey has spent at $300 per hour per hour. This fee payment shall have priority over any substitute counsel and my attorney will cooperate as necessary to facilitate and transition to substitute counsel.

4. I agree that my attorney may associate with additional counsel to assist in this representation and paragraph five shall be applicable to all services rendered by the attorneys. I am aware that my lawyer has currently associated this litigation with the Law Office of Governor E. Jackson, L.L.C. and David E. Ralph. L.L.C.

5. I agree not to settle compromise or dismiss this case without prior written notice to my attorneys.

Witness my hand this _____ day of February 2005.

Norris O. Rearden
100 Rearden Lane
Waterboro, S.C. 29488

/981

E1341

APPROVED AND ACCEPTED

_____
Donald R. Huskey

E1342

*1982*