# Exhibit 6

# Baxter, Baker, Sidle, Conn & Jones, P.A.
Attorneys at Law
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202-1643

Siobhan R. Keenan
Direct Line (410) 230-3807
e-mail: skeenan@bbsclaw.com

Telephone (410) 230-3800
Facsimile (410) 230-3801

October 6, 2006

Dwayne A. Brown, Esquire
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202

Re: Rearden v. Sinai Hospital
Our File: 08439-085

Dear Mr. Brown:

Please find enclosed a release for settlement of all claims the Rearden family may have against the defendants in this action. Please obtain your clients' signatures on the release and return it to my attention. Once we have obtained the executed release, we will request that a check be issued and forward to you the settlement monies. As you will notice, the Release mentions all three defendants; I have been authorized by James R. Chason to present the release on behalf of his clients.

In order to properly address the check and release the settlement monies, we need to know the correct and full name of the payee for the Medicare lien. I attempted to obtain this information directly from Medicare, but certain administrative tasks must be completed before a payee is designated. Medicare requires that you contact a benefits coordinator at 1-800-999-1118 (option #5 is for attorneys) and open a claim file for the incident. Once a claim file has been opened, a lead contractor is assigned. The lead contractor will handle all matters associated with the Medicare lien and provide the name of the payee.

In addition to the Medicare information, we need your tax ID#, as well as the social security numbers for Norris Rearden and Ruthie Rearden, in order to meet our tax reporting requirements. Once all that information has been obtained, the checks can be issued.

Please let me know if you have any questions.

Very truly yours,

Siobhan R. Keenan

Enclosure

Dwayne A. Brown, Esquire
Page 2
October 6, 2006

cc: James R. Chason, Esquire
Donald R. Huskey, Esquire
David E. Ralph, Esquire
Governor E. Jackson III, Esquire
bcc: Ms. Teri Kaufman Leonovich – *Sinai Hospital*
Michael J. Baxter, Esquire

## RELEASE

This Release is made and entered into this         day of           , 2006, by Norris Rearden, individually, and by Gail Rearden, M.D., as Power of Attorney for Ruthie Rearden, (hereafter "Claimants").

## RECITALS

A.  Claimants have made a claim against Mukund Didolkar, M.D., Surgical Oncology Associates, Inc. and their agents (apparent and actual), servants and employees, and Sinai Hospital of Baltimore, Inc. and their agents (apparent and actual), servants and employees, (hereafter "these Health Care Providers"), arising out of certain allegedly negligent acts or omissions by these Health Care Providers. In the claim Claimants seek monetary damages as a result of injuries allegedly suffered during the course of treatment provided to Ruthie Rearden at Sinai Hospital of Baltimore, Inc. in February and March, 2004 (hereafter "the Occurrence").

B.  The purpose of this Release is to provide for certain payments in full settlement and discharge of all claims that are, or might have been asserted with regard to the Occurrence against these Health Care Providers, upon the terms and conditions set forth below. These Health Care Providers expressly deny all claims of liability or fault with regard to the claim and the Occurrence.

1.  **Release and Discharge**

a.  In consideration of the payments set forth in Section 2, Claimants completely release and forever discharge these Health Care Providers from any and all past, present, or future claims, demands, obligations, actions, causes of action, wrongful death claims, and claims for damages, costs, losses of services, expenses, and compensation of any

nature whatsoever, whether based on a tort, contract, or other theory of recovery, which Claimants have, or which may accrue or otherwise be acquired, or may in any way grow out of, or which are the subject of the claim referenced herein, including, without limitation, any and all known or unknown claims for medical malpractice, loss of consortium, negligent credentialing, negligent hiring/retention/supervision, breach of express warranty, lack of informed consent, or negligent misrepresentation.

   b. This release and discharge shall also apply to these Health Care Providers' past, present, and future officers, directors, stockholders, attorneys, agents (apparent and actual), servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns, and all other persons, firms, governmental entities and corporations from any and all claims which the Claimants may now or hereafter have, or claim to have, arising out of, or in any way related to, the Occurrence or this litigation.

   c. Claimants expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which Claimants do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Claimants' decision to enter into this Release. Claimants further agree they have accepted payment of the sums specified as a complete compromise of matters involving disputed issues of law and fact. Claimants assume the risk that the facts or law may be other than what they believe. Claimants understand and agree that this settlement is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of these Health Care Providers, who expressly deny any and all liability.

    d.    Claimants agree that all damages recoverable by them against anyone other than the parties comprising these Health Care Providers as a result of the Occurrence are hereby reduced under the provisions of the Uniform Contribution Among Tortfeasors Act to the extent of the statutory pro rata share(s) of the parties comprising "these Health Care Providers", or by the amount of consideration paid by these Health Care Providers herein, whichever is greater, in accordance with the Uniform Contribution Among Tortfeasors Act. Claimants agree that "these Health Care Providers" are to be considered joint tortfeasor(s) with any other tortfeasors alleged to be liable to Claimants for damages arising out of or proximately caused by the Occurrence to the same extent as if they were adjudicated to be joint tortfeasors by a final judgment of a court of record after trial on the merits.

    e.    Claimants agree to indemnify and hold these Health Care Providers and their insurers and attorneys harmless from all claims and demands for damages, costs, loss of services, expenses, attorney fees, liens, medical expenses, medical expenses paid by any insurer or Medicaid or Medicare, litigation expenses, and compensation for which these Health Care Providers or their insurer or counsel are found liable to pay to anyone as a result of the Occurrence and to pay on behalf of these Health Care Providers all attorney fees, court costs, or other costs of litigation that they or any one of them may incur in any future suit or claim filed or asserted by Claimants, or any other person or entity against these Health Care Providers or any of the parties comprising these Health Care Providers as a result of the Occurrence.

    2.    **Payments**

In consideration of the release set forth above, these Health Care Providers agree to pay to Claimants the sum of Two Million Dollars ($2,000,000.00).

3.     **Attorney's fees**

Each party shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the lawsuit, this Release and the matters and documents referred to herein, the filing of a dismissal of the lawsuit, and all related matters.

4.     **Representation of Comprehension of Document**

In entering into this Release, Claimants represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice concerning the legal and income-tax consequences of this Release; that the terms of this Release have been completely read and explained to Claimants by their attorneys; and that the terms of this Release are fully understood and voluntarily accepted by the Claimants.

5.     **Warranty of Capacity to Execute Agreement**

The Claimants represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Release, except as otherwise set forth; that Claimants have the sole right and exclusive authority to execute this Release and receive the sums specified in it; and that Claimants have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Release.

6.     **Confidentiality**

Claimants agree that neither they nor their attorneys or representatives shall reveal to anyone, other than as may be mutually agreed to in writing, or otherwise is required by law, the fact of or any of the terms of this Release or the underlying settlement

4

or any of the amounts, numbers, or terms and conditions of any sums payable to Claimants hereunder.

### 7. Governing Law

This Release shall be construed and interpreted in accordance with the laws of the State of Maryland.

### 8. Additional Documents

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.


_____          _____
WITNESS                            Gail Rearden, M.D., as Power of
                                   Attorney for Ruthie Rearden


_____          _____
WITNESS                            Norris O. Rearden