| | | |
|---|---|---|
| SINAI HOSPITAL OF BALTIMORE, INC., *et al.*, | * | IN THE |
| | * | |
| Plaintiffs, | * | CIRCUIT COURT |
| | * | |
| v. | * | FOR |
| | * | |
| GAIL REARDEN, M.D., on behalf of Ruthie M. Rearden, *et al.*, | * | BALTIMORE CITY |
| | * | |
| Defendants. | * | Case No.: 24-C-09-001880 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN PARTIAL OPPOSITION TO MOTION FOR INTERPLEADER

Respondent, David E. Ralph, pursuant to Rule 2-221(b), submits this memorandum in partial opposition to Petitioners Sinai Hospital of Baltimore, Inc., Mukund Didolkar, MD and Surgical Oncology Associates, Inc.'s request for interpleader, and in support thereof, Respondent Ralph states as follows:

1. On January 24, 2005, Respondent Gail Rearden ("Rearden") entered into a written contingency fee agreement with Respondents Donald R. Huskey and Governor E. Jackson (respectfully "Huskey" and "Jackson") for the prosecution of civil claims against the Petitioners herein. Respondent David E. Ralph assisted Huskey and Jackson in the litigation.[1]

---

[1] The fact that this Respondent assisted Huskey and Jackson in the litigation and may have an interest in the settlement proceeds, appears to be the basis of Petitioners' inclusion of this Respondent. This Respondent, however, does not claim an interest adverse to those of Huskey or Jackson as to the settlement proceeds which are the subject of the statutory attorneys' lien or this Court's October 3, 2006 order.

2. After over a year and a half of litigation, Respondents Huskey and Jackson secured a settlement which was then favorable to Respondents Rearden on or about August 2006, in the amount of $2,000,000.00.

3. On October 3, 2006, this Court granted Huskey and Jackson's Motion to Enforce Statutory Lien as to 33% of the proceeds of the $2,000,000.00 settlement between Petitioners and the Reardens. (Docket No. 134)[2]. On October 18, 2006, the Reardens filed a Notice of Appeal "as to all final judgments." (Docket No. 134). On October 20, 2008, Judge Thieme of the Court of Special Appeals issued an opinion affirming the judgment of the Circuit Court, and on February 13, 2009, the Court of Appeals denied the Reardens' petition for *certiorari*. (Docket Nos. 151, 152, 152.1).

4. Thus, since all appeals have been exhausted and both of the requirements of Rule 1-202(n)[3] and 2-601 been met when this Court entered its judgment enforcing Huskey and Jackson's Statutory Lien on October 3, 2006, Huskey and Jackson's entitlement to 33% of the proceeds of the settlement is the subject of a final judgment. *See Jones v. Hubbard*, 356 Md. 513, 520 (1999) (interpreting a "final order" to be synonymous with a "judgment" and further noting that a final order is rendered when the court performs an act by which it settles and declares the decision of the law on the matters at issue).

5. As a result, there can be no substantial justification for any dispute as to Huskey and Jackson's entitlement to 33% of the $2,000,000.00 settlement between Petitioners and Respondent Rearden. As the Court of Appeals recently noted, the attorney's lien was created "to protect attorneys from being cheated by their clients by

---

[2] The Docket Numbers used herein are from the matter of *Rearden v. Sinai Hospital*, Case No. 24-C-05-005884.

[3] Effective May 1, 2009, the provisions found under Rule 1-202(n) will be under Rule 1-202(o).

2.

preventing the clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained." *Rhoads v. Sommer*, 401 Md. 131, 155 (2007) (citations omitted). Indeed, even without the final order enforcing Huskey and Jackson's statutory lien for 33% of the $2,000,000,00 ($660,000,00), the Court of Appeals has made it clear that, the plain language of MD. CODE ANN., BUS OCCUP. & PROF. Art. § 10-501 "establishes a lien from the inception of a cause of action." *Id.* at 155-156. Thus, that lien for attorneys' fees (now secured and perfected by judgment) takes priority over any subsequent matters, including any Medicare liens, which may arise after the initiation of the litigation. Such subsequent liens are chargeable against the insured's proceeds, which of course do not include attorneys' fees previously owed to the insured's counsel who initiated the litigation. Neither the attorneys' lien nor the judgment enforcing that lien is dischargeable even through bankruptcy. *Id.* at 159.

6. Moreover, the Petitioners are compelled by virtue of Rule 2-652 and this Court's final order of October 3, 2006 to make payment to Respondents Huskey and Jackson before any funds are disbursed to anyone else. As a consequence, Petitioners do not possess a good faith concern that any other Respondents can assert a non-spurious claim to Huskey and Jackson's already adjudicated portion of the settlement proceeds. This Court has already "adjudicate[d] the rights of the parties in relation to the lien, including the attorney's entitlement to a lien, any dispute as to the papers subject to a lien . . . and the amount of the attorney's claim." Md.R.Civ.P. 2-652(c)(1).

3

7. Therefore, the only amounts over which there may exist some good faith dispute necessitating interpleader do not include the $660,000.00[4] which is already subject to the final now unappealable order enforcing Huskey and Jackson's previous lien in the settlement proceeds held by the Petitioners.[5] This Respondent, of course, takes no position as to the propriety of interpleading the remaining amounts of the settlement proceeds which are not subject to a final judgment. The Petitioners may have good cause to seek relief through interpleader from other Respondents who may hold some disputed interest in remaining settlement proceeds. The amounts subject to Huskey and Jackson's lien, however, are already conclusive and not subject to interpleader. *See* Md.R.Civ.P. 2-221(b)(7). Moreover, the issues and claims in connection with that lien are the subject of collateral estoppel and *res judicata* at least as to Respondents Huskey, Jackson and the Reardens.[6] *See, Rowland v. Harrison*, 320 Md. 223, 229 (1990); *see also, Anne Arundel County Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029 (2005); *Colandrea v. Wilde Lake Commn. Ass'n, Inc.*, 361 Md. 371, 391-92, 761 A.2d 899 (2000).

8. Because this Respondent has no interest adverse to that of Respondents Huskey and Jackson and because Respondents Huskey and Jackson's entitlement to $660,000.00 of the settlement proceeds are subject to a final now unappealable judgment, those amounts are not, and cannot be, the subject of any good faith adverse claim. Accordingly, pursuant to Rule 2-221(b)(7), this Court should direct the immediate

---

[4] Respondents Huskey and Jackson may also be entitled to interest at the legal rate of 10% on their money judgment from the date of entry of the October 3, 2003 judgment. *See Medical Mutual Liability Ins. Soc. v. Davis*, 365 Md. 477, 481 (2001)("post-judgment interest accrues at the rate of 10 percent per annum from the date of entry of the judgment").

[5] This Respondent does *not* claim an interest adverse to those of Huskey or Jackson as to the settlement proceeds which are the subject of the statutory attorneys' lien or this Court's On October 3, 2006 order.

[6] The fact that one or more other Respondents may allege some other claim against Respondents Huskey and Jackson, has no effect on the finality of their *in rem* claim to 33% of the settlement proceeds or the October 3, 2006 judgment.

4

distribution of the $660,000.00 not in dispute in accordance with its October 3, 2006 Order.

WHEREFORE, Respondent David E. Ralph, respectfully requests that this Court:

A. dismiss the interpleader action as against the amounts subject to Respondents Huskey and Jackson's already adjudicated attorney lien;

B. dismiss the interpleader action against this Respondent as there does not exist any non-adjudicated dispute as to any interest held by this Respondent;

C. direct Petitioners to make the immediate distribution of the $660,000.00 part of the settlement proceeds not in dispute in accordance with Rule 2-221(b)(7) and this Court's final order of October 3, 2006; and

D. award such other and further relief as required, including costs, interests and fees.

Respectfully submitted,

David E. Ralph
2423 Maryland Ave.
Baltimore, Maryland 21218
(410) 366-1500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2009, a copy of Respondent David E. Ralph's Memorandum in Partial Opposition to Petitioners' Request for Interpleader and proposed Order was mailed, first-class postage prepaid to: Gail L. Rearden, M.D., Roper St. Francis Medical Care, 2075 Eagle Landing Blvd., North

Charleston, South Carolina, 29406, Norris O. Rearden, 100 Rearden Lane, Walterboro, South Carolina, Medicare, Office of the Administrator, Centers for Medicare & Medicaid Services, 7500 Security Boulevard, Baltimore, Maryland 21244, Donald R. Huskey, Esq., Law Office of Donald R. Huskey, LLC, 1023 N. Calvert Street, 3 Floor, Baltimore, Maryland 21202, Governor E. Jackson, Esq., Law Offices of Governor E. Jackson, LLC, 1023 N. Calvert Street, Baltimore, Maryland 21202, Dwayne A. Brown, Esq., Law Offices of Dwayne A. Brown, P.C., 10 N. Calvert Street, Suite 930, Baltimore, Maryland 21202, A. Jai Bonner, Esq. 10 N. Calvert Street, Suite 930, Baltimore, Maryland 21202, Patrick M. Regan, Esquire, Paul J. Cornoni, Esquire, Regan, Zambri & Long, 1919 M Street, NW, Suite 350, Washington, D.C. 20036, Michael J. Baxter, Esq., Baxter, Baker, Sidle, Conn & Jones, P.A., 120 E. Baltimore Street, Baltimore, Maryland 21202, Mari Pat McGuire, Esq., Whiteford, Taylor & Preston, Towson Commons, Suite 300, One West Pennsylvania, Towson, Maryland 21204, Anthony Z. Roisman, Esq., National Legal Scholars Law Firm, Stonewall Farm, 84 East Thetford Road, Lyme, New Hampshire 03768, Stephen A. Saltzburg, Esq., George Washington University Law School, 2000 H Street, NW, Washington, D.C., 20052, David T. Goldberg, Esq., 99 Hudson Street, New York, New York 10013, and Sean H. Donahue, Esq., 2000 L Street, N.W., Suite 808, Washington D.C. 20036.

David E. Ralph